Ben A. Kaplan
**CHULSKY KAPLAN LLC**
280 Prospect Ave. 6G
Hackensack, NJ 07601
Phone: (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff(s)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGE MITCHELL, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>ATLANTIC CREDIT & FINANCE, INC. and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

## LOCAL CIVIL RULE 10.1 STATEMENT

1.  The mailing addresses of the parties to this action are:

    GEORGE MITCHELL
    37 Colonial Avenue
    Paterson, New Jersey 07502

    ATLANTIC CREDIT & FINANCE, INC.
    3353 Orange Avenue NE
    Roanoke, Virginia 24012

## PRELIMINARY STATEMENT

2.  Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that the Defendant, ATLANTIC CREDIT & FINANCE, INC.

("ATLANTIC CREDIT") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6. Plaintiff is a natural person, a resident of Passaic County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. ATLANTIC CREDIT maintains a location at 3353 Orange Avenue NE, Roanoke, Virginia 24012.

8. ATLANTIC CREDIT uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. ATLANTIC CREDIT is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent letters and/or notices from ATLANTIC CREDIT, which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that

violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A).** The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   i. Whether the Defendants violated various provisions of the FDCPA;

   ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

   iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   iv. Whether Plaintiff and the Class are entitled to declaratory relief.

c. <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will

fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. At some time prior to September 17, 2018, Plaintiff allegedly incurred a financial obligation to CREDIT ONE BANK, N.A. ("CREDIT ONE BANK").

19. Plaintiff allegedly incurred the CREDIT ONE BANK obligation in connection with a credit card.

20. The CREDIT ONE BANK obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

21. Plaintiff incurred the CREDIT ONE BANK obligation by obtaining goods and services which were primarily for personal, family and household purposes.

22. The CREDIT ONE BANK obligation did not arise out of a transaction that was for non-personal use.

23. The CREDIT ONE BANK obligation did not arise out of a transaction that was for business use.

24. The CREDIT ONE BANK obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

25. CREDIT ONE BANK and/or its predecessor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

26. At some time prior to September 17, 2018, the CREDIT ONE BANK obligation was purchased by and/or sold to MIDLAND FUNDING, LLC ("MIDLAND").

27. At the time the CREDIT ONE BANK obligation was purchased by and/or sold to MIDLAND, the obligation was in default.

28. On or before September 17, 2018, the CREDIT ONE BANK obligation was referred to ATLANTIC CREDIT for the purpose of collection.

29. At the time the CREDIT ONE BANK obligation was referred to ATLANTIC CREDIT the CREDIT ONE BANK obligation was past due.

30. At the time the CREDIT ONE BANK obligation was referred to ATLANTIC CREDIT the CREDIT ONE BANK obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

31. Defendants caused to be delivered to Plaintiff a letter dated September 17, 2018, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

32. The September 17, 2018 letter was sent to Plaintiff in connection with the collection of the CREDIT ONE BANK obligation.

33. The September 17, 2018 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

34. Upon receipt, Plaintiff read the September 17, 2018 letter.

35. The September 17, 2018 letter stated in part:

> Reply by calling our office at:
> 800-888-9419
> by
> 9/20/2018
> **PRE-LEGAL NOTIFICATION**

36. The September 17, 2018 also stated in part:

> This letter is to inform you that Midland Funding, LLC is considering forwarding this account to an attorney in your state for possible litigation. **Upon receipt of this notice**, please call 866-223-1935 to discuss your options. **If we don't hear from you** or receive payment, Midland Funding, LLC may proceed with forwarding this account to an attorney. (emphasis added).

37. In addition, the September 17, 2018 letter stated in part:

> **The opportunity to pay the listed above** does not alter or amend your validation rights as described in our previous letter to you. Once you have completely fulfilled your payment arrangement, you will be released of the obligation. (emphasis added).

> PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION

38. On the reverse of the September 17, 2018 letter, it stated in part:

MAIL PAYMENTS TO: PO Box 2000 Warren, MI 48090-2000

**For disputes call 800-888-9419 or** write to: PO Box 13386 Roanoke, VA 24033-3386.

39. The September 17, 2018 letter was sent to Plaintiff within 30 days of Plaintiff receiving the initial communication from Defendant.

40. The September 17, 2018 letter was sent so that it would be received on or about September 20, 2018, the artificial deadline set by Defendant for Plaintiff to respond by in order to stop the account from being forwarded to an attorney for possible litigation.

41. The September 17, 2018 letter was sent so that it would be received on or about September 20, 2018, the artificial deadline set by Defendant for Plaintiff to tender his payment.

42. As Defendant required Plaintiff to mail payments, Plaintiff either could not meet the "required" deadline or would have to incur the expense of overnighting the payment.

43. The September 17, 2018 letter falsely implied or misrepresented that if Defendant did not hear from Plaintiff by September 20, 2018 that the account would be forwarded to an attorney for possible litigation.

44. The September 20, 2018 deadline to "hear from" Plaintiff (set forth in the September 17, 2018 letter) was still within the 30 day period that Plaintiff had to exercise his rights set forth in the initial communication letter from Defendant and pursuant to 15 U.S.C. § 1692g(a)(3) and (4).

45. The September 17, 2018 letter does not inform Plaintiff that the 30 day period referred to in the initial communication letter from Defendant had not yet expired and that Plaintiff still had time to exercise his rights.

46. The September 17, 2018 letter only gives Plaintiff two choices to stop Defendant's threat of forwarding the account to an attorney for possible litigation – either call Defendant by September 20, 2018 or pay (or make arrangements to pay) Defendant by September 20, 2018.

47. As the September 17, 2018 was sent by Defendant so that it would be received on or about the day of the deadline, it created a false sense of urgency.

48. As the September 17, 2018 was sent by Defendant so that it would be received on or about the day of the deadline, it overshadowed and/or contradicted the 30 day period referred to in the initial communication letter from Defendant and found at 15 U.S.C. § 1692g(a)(3) and (4).

49. The September 17, 2018 letter advised Plaintiff and others similarly situated that they could effectively dispute the debt by calling the Defendant.

50. A dispute of a debt, to be effective, in the Third Circuit, must be in writing. _Graziano v. Harrison_, 950 F.2d 107, 112 (3d Cir. 1991). _Caprio v. Healthcare Revenue Recovery Group_, 709 F.3d 142 (3d Cir. March 1, 2013).

51. ATLANTIC CREDIT knew or should have known that its actions violated the FDCPA.

52. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

**POLICIES AND PRACTICES COMPLAINED OF**

53. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by _inter alia_:

(a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

(b) Threatening to take any action that cannot legally be taken or that is not intended to be taken;

(c) Using unfair or unconscionable means to collect or attempt to collect any debt; and

(d) Overshadowing and/or contradicting Plaintiff's rights under the FDCPA.

54. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

55. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

56. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

57. Defendant's letters would cause the least sophisticated consumer to be confused about his or her rights.

58. Defendant's letters would lead the least sophisticated consumer to believe that unless Defendant heard from Plaintiff by September 20, 2018, the account would be forwarded to an attorney for possible litigation.

59. Defendant's letters were designed to cause the least sophisticated consumer to be confused as to whether the time to exercise his or her rights had expired.

60. Defendant's letters were designed to cause the least sophisticated consumer to believe that the time to exercise his or her rights had expired.

61. Defendant's letters would cause the least sophisticated consumer to believe that there was no point in exercising his or her rights to dispute the debt.

62. The September 17, 2018 letter fails to properly inform the least sophisticated consumer that to effectively dispute the alleged debt, such disputes *must* be in writing.

63. The least sophisticated consumer wishing to dispute the alleged debt would be confused as to what steps he or she should take to notify Defendants of his or her dispute and might erroneously believe that the debt could simply be disputed with a phone call.

64. The least sophisticated consumer upon reading the instructions in the September 17, 2018 letter would be misled into believing that if he or she wished to effectively dispute the alleged debt or any portion thereof, he or she (1) could notify the Defendant by calling the telephone number provided: or (2) could write to Defendant at the address listed on the letter.

65. Defendants' instructions in the September 17, 2018 letter would cause the least sophisticated consumer to believe that he or she could effectively and legally dispute the alleged debt by calling the telephone number provided.

66. Defendants violated 15 U.S.C. § 1692e of the FDCPA as described herein in connection with their communications to Plaintiff and others similarly situated.

67. Defendants engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. § 1692e and § 1692e(10).

68. By failing to advise Plaintiff and others similarly situated that the 30 day period to exercise their rights had not yet expired, Defendants engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. § 1692e and § 1692e(10).

69. By falsely implying to Plaintiff and others similarly situated that the 30 day period to exercise their rights had expired, Defendants engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. § 1692e and § 1692e(10).

70. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

71. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

72. Defendants violated 15 U.S.C. § 1692e(10) which prohibits the employment of false and deceptive means of collecting debt.

73. Defendants violated 15 U.S.C. § 1692e(10) by falsely representing and misleading Plaintiff and others similarly situated into believing that if he or she wished to dispute the alleged debt or any portion thereof, that he or she may notify Defendants by calling the telephone number provided because calls are legally ineffective to dispute debts.

74. The September 17, 2018 letter is deceptive because the instructions can be read to have two or more different meanings one of which is inaccurate, that is that Plaintiff could have disputed the debt by making a telephone call.

75. The September 17, 2018 letter can be read to mean that the alleged debt may be disputed by calling Defendants at the telephone number provided.

76. Defendant violated the FDCPA by overshadowing, contradicting and/or obscuring the rights mandated by 15 U.S.C. § 1692g(a)(2), (3) and (4) as described herein.

77. Defendant's letters would cause the least sophisticated consumer to believe that there was no point in exercising his or her rights to dispute the debt.

78. Defendant's letters would cause the least sophisticated consumer to believe that the deadline to dispute the debt was shortened to September 20, 2018, rather than 30 days from receipt of the initial letter.

79. Defendants violated 15 U.S.C. § 1692g(a) and § 1692g(a)(3) by employing language (dispute debt by phoning) that overshadowed, contradicted and confused the Validation Notice of the initial communication sent to Plaintiff by Defendant thereby ineffectively and erroneously communicating to the Plaintiff what actions were needed to dispute the alleged debt.

80. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

81. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

82. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

83. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

84. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

85. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

86. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: August 8, 2019　　　　　　　　　　　　　　　　Respectfully submitted,

By:  *s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: August 8, 2019

*s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff
